| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO. |

HEATHER DAVIS,                               )         02D03-17 01-CT-0 0 0 0 4 1
                                             )
        Plaintiff,             )
                                             )
v.                                          )
                                             )                       FILED
MIDWEST EYE CONSULTANTS, P.C.   d/b/a     )                CENTRAL SERVICES DIVISION
CATARACT AND LASER INSTITUTE,             )
                                             )                        2017 JAN 26  PM 3:55
        Defendant.             )
                             **COMPLAINT**

Plaintiff, by counsel, alleges against Defendant as follows:

1. The plaintiff is Heather Davis, a resident of Fort Wayne, Indiana, and an employee of the defendant at all material times to this Complaint

2. The defendant is Midwest Eye Consultants, P.C. d/b/a Cataract and Laser Institute at 7747 West Jefferson Blvd., Fort Wayne, Indiana 46804. At all material times to this Complaint, Defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 ("ADA") and the Family and Medical Leave Act of 1993, 29 CFR § 825, *et seq.* ("FMLA").

3. Plaintiff filed her original Charge of Discrimination (EEOC No. 2470-2016-01596) on April 8, 2016, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A. The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on October 31, 2016 a copy of which is attached hereto and made a part hereof as Exhibit "B". All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this

1

lawsuit.

4. Plaintiff was employed by Defendant from on or about March 10, 2014 until her wrongful termination on or about October 27, 2015.

5. At the time of her termination, Plaintiff was a Patient Care Counselor. Plaintiff performed her duties within the reasonable expectations of Defendant at all times material to this Complaint.

6. In April 2015, Plaintiff was involved in a near fatal car accident in which she was severely injured. Plaintiff was immediately admitted to the hospital.

7. Despite suffering from several fractures, contusions, and a concussion, Plaintiff returned to work the day after she was released from the hospital, on or about April 23, 2015.

8. Upon returning to work, Plaintiff saw that the day she was absent from work due to her hospitalization was marked as "unexcused" on her time sheet.

9. Plaintiff contacted Tammy Evans ("Evans") on April 28, 2015 to determine the information she should provide in order for Defendant to excuse her absence for the hospitalization.

10. Plaintiff was informed by Evans that the absence would remain unexcused. At that time, Plaintiff requested FMLA paperwork.

11. On or about April 29, 2015, Plaintiff saw her family doctor who advised that she should not work with a concussion and should take a minimum of two weeks off of work.

12. On or about April 30, 2015, Plaintiff visited an Orthopedic Surgeon. Plaintiff

explained that Defendant would not allow her to take time off of work. Plaintiff's Orthopedic Surgeon advised that he would allow her to return to work, but only with restrictions. Plaintiff was to remain restricted at work until June 4, 2015.

13. Approximately 19 days after first requesting FMLA paperwork, Plaintiff requested it for a second time.

14. On or about June 4, 2015, although Plaintiff still had not received FMLA paperwork, she notified Defendant that her doctor requested that she continue with work restrictions until July 27, 2015, and that she receive therapy.

15. On June 10, 2015, Plaintiff began physical therapy, per doctor's orders, which necessitated that she come into work about an hour late on several occasions.

16. On September 1, 2015, Plaintiff received a verbal warning for not walking with or looking at patients while assisting them. Plaintiff wrote a response to the verbal warning and indicated that she felt she was being discriminated and/or retaliated against.

17. A few weeks later, Plaintiff received a written warning. During a meeting on September 30, 2015, Plaintiff requested a copy of the written warning paperwork. At that time, Plaintiff was accused of "time abuse" and tardiness. Plaintiff explained that the dates she was "tardy" were the dates she was utilizing the FMLA for her therapy. Defendant indicated that it had not received FMLA paperwork from Plaintiff.

18. On October 23, 3015, Troy Cole, HR, characterized Plaintiff's written protestation of discrimination as a "hateful letter," and Plaintiff was placed on suspension

3

pending investigation.

19. Plaintiff was terminated on October 27, 2015. The proffered reason for termination was "time abuse" and "tardiness."

20. Plaintiff alleges that the proffered reason for termination (time abuse and tardiness) was false and pretextual. In reality, Plaintiff had been discriminated against, retaliated against and terminated on the basis of suffering from a serious health condition constituting a disability/perceived disability/record of impairment. Defendant's actions were in violation of Plaintiff's federally protected rights under the ADA and/or for her attempts to use FMLA.

21. Defendant failed to engage in the interactive process to determine reasonable accommodations in violation of Plaintiff's rights under the ADA.

22. The defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job and job related benefits including income as well as emotional distress, mental anguish, inconvenience, and other damages and injuries.

23. Defendant's discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA and FMLA. Plaintiff is entitled to receive punitive damages and/or liquidated damages against the Defendant.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for compensatory damages, punitive/liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

CHRISTOPHER C. MYERS & ASSOCIATES

_/s/ Christopher C. Myers_

Christopher C. Myers, #10043-02
Lori W. Jansen, # 19417-57
Skyler Spurling-Newsome, #33833-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2016-01596 |
| Equal Employment Opportunity Commission | | and EEOC |
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Heather Davis | (260) 449-6587 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 711 Growth Ave. | Fort Wayne, IN 46808 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Midwest Eye Consultants | 15+ | (260) 434-9104 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7747 West Jefferson BLVD. | Fort Wayne, Indiana 46804 |

EEOC Indianapolis District Office
APR 06 2016 RECEIVED

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2014   Latest: 04-20-2015

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant Heather Davis ("Complainant") is a qualified female employee of Respondent's at all material times to this Charge. The Complainant alleges that the Respondent discriminated against her, failed to grant her reasonable accommodations, failed to participate in the interactive process with her, and retaliated against her for suffering from a disability/perceived disability/record of impairment, in violation of the Complainant's federally protected rights under the Americans With Disabilities Act 42 U.S.C. §12101 et. seq. ("ADA") (In the alternative, the Complainant contends she was discriminated against and retaliated against for asserting her rights to FMLA benefits and/or benefits she was entitled to receive under the Indiana Worker's Compensation Act.)

II. The Respondent is Midwest Eye Consultant d/b/a Cataract & Laser Institute of Fort Wayne ("Respondent"), at 7747 West Jefferson BLVD, Fort Wayne, IN 46804. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA.

III. Complainant worked for Respondent from on or about March 10, 2014 until her wrongful termination on or about October 22, 2015. At the time of her termination, Complainant was a Patient Care Counselor. Complainant performed within the reasonable expectations of her employer at all material times to this charge.

*Continue on to Page Two*

Exhibit A

Page Two

IV. Approximately six (6) months prior to Complainant's unlawful termination, in April 2015, Complainant was involved in a near fatal car crash. She suffered from several severe injuries. She was hospitalized for two days.

V. Despite her severe injuries, Complainant immediately returned to work on or about April 23, 2015, the day after she was released from the hospital.

VI. Upon returning to work, Complainant recognized that the day that she was absent from work due to hospitalization was marked as "unexcused" on her time sheet.

VII. On April 28, 2015, Complainant contacted Tammy S. Evans in order to determine which information Complainant should provide to Respondent in order to have Complainant's absence, due to her hospitalization, excused.

VIII. Complainant was informed by Tammy S. Evans that the absence would remain unexcused. At this time, Complainant requested FMLA paperwork from Respondent.

IX. Approximately nineteen (19) days after first requesting FMLA paperwork and not receiving it, Complainant again requested FMLA paperwork from Respondent.

X. On June 4, 2015, Complainant notified Respondent that Complainant's doctor required she be off work until approximately July 27, 2015 to complete necessary treatment.

XI. On June 10, 2015, Complainant began physical therapy, per doctor's orders, which necessitated that she come into work about an hour late on several occasions.

XII. On September 1, 2015, Complainant received a verbal warning and was accused by Respondent of not walking with or looking at patients while assisting them. Complainant disagreed and protested what she reasonably believed was retaliatory and discriminatory behavior. Complainant wrote a note expressing her disagreement with the reprimand to accompany the verbal warning.

XIII. A few weeks later, Complainant received a written warning. During a meeting on September 30, 2015, Complainant requested the paperwork from Respondent regarding the warning. Complainant was subsequently accused of "time abuse" and tardiness. Complainant indicated the dates she was "tardy" were dates she was utilizing her FMLA. Respondent indicated that they had received no FMLA paperwork from Complainant.

XIV. On October 23, 2015, Troy Cole, Human Resources, asserted that Complainant had written a "hateful letter" when Complainant reported the discrimination she was experiencing. Complainant was suspended from her work, pending investigation.

XV. On October 27, 2015, Respondent terminated Complainant along with her insurance. Respondent proffered the reason for Complainant's termination was due to her "time abuse" and "tardiness."

XVI. The proffered reason for Complainant's termination is pretextual and false. Respondent could have kept Complainant employed, but failed in any meaningful way to engage in the interactive process to determine a reasonable accommodation for Complainant, despite many attempts to do so on the part of Complainant.

*Continue on to Page Three*

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Heather Davis
711 Growth Avenue
Fort Wayne, IN 46808

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2016-01596 | Brien L. Shoemaker, Enforcement Supervisor | (317) 226-6118 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Michelle F. Eisele, Director

OCT 31 2016
(Date Mailed)

Enclosures(s)

cc: MIDWEST EYE CONSULTANTS
c/o Kevin A. Stella
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204

Christopher Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street
Fort Wayne, IN 46802

Exhibit B

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Enclosures(s)

cc: Christopher Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 S. Calhoun Street
Fort Wayne, IN 46802

OCT 31 2016




